UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ANTONIO DWAYNE CLARK, ) | |
| ) | Civil Action No. 15-131-GFVT |
| Petitioner, ) | |
| ) | **MEMORANDUM OPINION** |
| V. ) | **&** |
| ) | **ORDER** |
| SANDRA BUTLER, Warden, ) | |
| ) | |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Antonio Dwayne Clark is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Clark has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the application of the career offender enhancement to his 2009 conviction in light of the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which held that the residual clause in 18 U.S.C. § 924(e)(B)(ii) is unconstitutionally vague. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Clark's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

# I

On October 2, 2008, a federal grand jury sitting in Lexington, Kentucky issued an indictment charging Clark with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Clark was found guilty of that charge on January 6, 2009, following a two-day jury trial. Prior to sentencing, Clark objected to the characterization of his two prior convictions for First Degree Wanton Endangerment under Ky. Rev. Stat. 508.060 as "violent felonies" for purposes of the career offender enhancement in 18 U.S.C. § 924(e). Following additional briefing, on April 10, 2009, the trial court overruled his objections and found that, under the specific facts of his case, his Kentucky convictions for wanton endangerment qualified as violent felonies under the residual clause. Clark was therefore sentenced as a career offender to a 180-month term of imprisonment. *United States v. Clark*, No. 5:08-CR-203-DCR (E.D. Ky. 2008).

On direct appeal, the Sixth Circuit affirmed, concluding that each of Clark's predicate offenses qualified as violent felonies under the residual clause, and hence that Clark's resulting 180-month sentence was proper. The Supreme Court denied *certiorari* on June 11, 2012. Clark filed a timely motion to vacate his conviction and sentence on April 22, 2013, arguing that his counsel was constitutionally ineffective because he failed to adequately challenge the validity and applicability of the underlying state convictions which were used to enhance his federal sentence, failed to adequately discuss plea options, and failed to adequately communicate with him. The trial court denied that motion as without merit on May 22, 2014.

In *Johnson*, the Supreme Court evaluated the constitutionality of the "residual clause" found in the Armed Career Criminal Act of 1984 ("ACCA"). The ACCA established substantially stiffer sentences for convicted felons who possess firearms in violation of 18 U.S.C. § 922(g) if they have already been convicted of three or more "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e)(1). The statute provides that:

2

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year … that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another …

18 U.S.C. § 924(e)(2)(B). Under the ACCA, certain offenses qualify as valid predicates under subsection (e)(2)(B)(i) if they involved "the use, attempted use, or threatened use of physical force against the person of another." Still others – such as burglary, arson, extortion, or the use of explosives – constitute "enumerated offenses" and qualify as "violent felonies" in subsection (e)(2)(B)(ii) by virtue of their explicit demarcation as such. Finally, other offenses not explicitly identified could still qualify as predicate offenses if they satisfied the ACCA's "residual" clause because they "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555-56.

The Supreme Court, noting that over the years federal courts had reached disparate results evaluating various state offenses to determine if they were "violent felonies," 135 S. Ct. at 2556, 2558, concluded that the residual clause was void for vagueness in violation of the Fifth Amendment because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*. at 2557.

In his petition, Clark relies upon this decision to contend that his sentence is unconstitutional because *Johnson* invalidated the residual clause of 18 U.S.C. § 924(e)(B)(ii) used to impose it, and that a habeas corpus petition filed under § 2241 is a proper vehicle to assert this claim. [R. 1 at 3, 5-7]

**II**

Ordinarily, a federal prisoner must present a challenge to the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Instead, a petition filed under 28 U.S.C. § 2241 is designed to serve as a vehicle only for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

The "savings clause" found in 28 U.S.C. § 2255(e) will, under highly exceptional circumstances, permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) is "inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-

4

02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

Clark's claim, predicated upon his assertion that the ACCA's "residual clause" is unconstitutionally vague, does not fall within the scope of claims cognizable under § 2241. First, Clark does not contend that he is actually innocent of the underlying conviction for being a felon in possession of a firearm, but only that his sentence was enhanced utilizing an unconstitutionally-vague standard. The Sixth Circuit has repeatedly held that "claims of sentencing error may not serve as the basis for an actual innocence claim." *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony"); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes*, 473 F. App'x at 502 (same).

Second, Clark places reliance upon *Johnson*, an intervening Supreme Court decision that indicates that his sentence may be unconstitutional, but which does not indicate that, when properly interpreted, the statute in question did not render his conduct noncriminal. Because *Johnson* was not a "Supreme Court decision[] announcing new rules of *statutory construction* unavailable for attack under section 2255," *Hayes*, 473 F. App'x at 501-02 (emphasis added), a habeas corpus petition under § 2241 is not an appropriate or available mechanism to pursue a claim under that decision. Courts have therefore consistently found that a habeas corpus petition under § 2241 is not a proper method to assert a claim under *Johnson*. Cf. *Bishop v. Cross*, No. 15-CV-854-DRH, 2015 WL 5121438, at *2-3 (S.D. Ill. Aug. 31, 2015) (holding that habeas petition seeking relief from § 4B1.1 enhancement in light of *Johnson* was not cognizable under

§ 2241, but must instead be brought by motion under § 2255); *Hollywood v. Rivera*, No. 2:15CV113 JM/BD, 2015 WL 5050253, at *2 (E.D. Ark. Aug. 4, 2015) (same); *Cockrell v. Krueger*, No. 15-CV-1279, 2015 WL 4648029, at *2-3 (C.D. Ill. Aug. 5, 2015); *Jennings v. Lariva*, No. 2:14-CV-63-WTL-WGH, 2015 WL 5156047, at *2 (S.D. Ind. Sept. 2, 2015) (collecting cases).

  Finally, resort to a habeas corpus petition under § 2241 is precluded if a motion under § 2255 provides a viable remedy, and hence is not "inadequate and ineffective" to test the legality of the petitioner's detention. *Jennings*, 2015 WL 5156047, at *2 ("[A]n inmate [wishing to assert a claim under *Johnson*] has a meaningful remedy to file a second or successive § 2255 motion, via an application pursuant to 28 U.S.C. § 2255(h). The existence of this remedy negates both the need and the opportunity to use the savings clause of 28 U.S.C. § 2255(e).") Here, because Clark's challenge is predicated upon the asserted unconstitutionality of the residual clause found in the ACCA, he might be able to pursue relief under *Johnson* by requesting permission from the Sixth Circuit Court of Appeals to file a second or successive motion for relief under § 2255. The Court of Appeals may grant the request where the moving party requests relief under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The request for permission must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

  *Johnson* was decided on June 26, 2015, and Clark therefore has ample time to file such a request with the Sixth Circuit. The Sixth Circuit has yet to formally determine whether *Johnson* qualifies as a retroactively applicable decision available to cases on collateral review, and the

6

circuit courts of appeal have reach conflicting results on this question. Compare *Price v. United States*, 795 F. 3d 731 (7th Cir. 2015) (holding that *Johnson* is retroactively applicable to cases on collateral review for purposes of 2255(h)(2)) with *In re: Rivero*, __ F. 3d __, 2015 WL 4747749, at *2, (11th Cir. Aug. 12, 2015) (rejecting *Price*, holding that "[a]lthough we agree that *Johnson* announced a new substantive rule of constitutional law, we reject the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review" as required by § 2255(h)(2)) (citing *In re: Anderson*, 396 F. 3d 1336, 1339 (11th Cir. 2005) ("When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding.")). It is therefore uncertain whether Clark will succeed in obtaining permission to file a second or successive § 2255 motion; regardless, *Hayes* unequivocally establishes that Clark's claim is not cognizable under § 2241, and his petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Petitioner Antonio Dwayne Clark's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 29th day of September, 2015.



7